Thomas N. Millikan, CA Bar No. 234430
TMillikan@perkinscoie.com
Eric Maas, CA Bar No. 345450
EMaas@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile:  +1.858.720.5799

*Attorneys for Plaintiff*
*Firestorm Labs, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRESTORM LABS, INC.,<br><br>     Plaintiff,<br><br>     v.<br><br>RAPIDFLIGHT HOLDINGS LLC,<br><br>     Defendant. | Case No. **'24CV2387 JLS  JLB**<br><br>COMPLAINT FOR PATENT INFRINGEMENT |

This is an action for a declaratory judgment that Plaintiff Firestorm Labs, Inc. ("Firestorm" or "Plaintiff") does not infringe U.S. Patent Nos. 11,597,490 ("the '490 Patent") or 11,840,323 ("the '323 Patent") (collectively, the "Patents-in-Suit"), owned by Defendant RapidFlight Holdings LLC ("RapidFlight" or "Defendant"). In support of this action, Firestorm, by and through its attorneys, alleges as follows:

## **BACKGROUND**

1. Firestorm is a San Diego, California company developing modular, 3D printed unmanned aerial systems ("UASs").

2. Firestorm's innovations allow specialized UASs to be manufactured more quickly and economically, while allowing unprecedented customizability for use in a wide variety of missions.

3. Firestorm has successfully demonstrated its products' capabilities at trade shows and military expos across the country.

4. RapidFlight also claims to be a company developing 3D printed UASs.

5. Firestorm and RapidFlight are competitors.

6. RapidFlight has been unsuccessful in developing products that compare with Firestorm's capabilities, performance, or price point.

7. In at least one public, head-to-head competition, Firestorm's products successfully completed the test while RapidFlight's—figuratively and literally—crashed and burned. This public failure occurred in front of government decisionmakers for significant defense contracts.

8. Unable to best Firestorm in the marketplace, RapidFlight has chosen to use unsupported threats in an attempt to bully Firestorm out of the industry.

9. In particular, for over a year, RapidFlight has repeatedly threatened to sue Firestorm for patent infringement, both verbally and in writing. During that time, Firestorm has attempted to engage RapidFlight in good faith to explain why RapidFlight's accusations are false and that Firestorm does not infringe.

10. Despite Firestorm's explanations, RapidFlight persists in its unjustified accusations of infringement.

11. RapidFlight also refuses to engage with Firestorm to reach an amicable business resolution to this dispute.

12. On June 28, 2023, RapidFlight sent Firestorm a letter accusing Firestorm of infringing one RapidFlight patent: U.S. Patent No. 11,547,490.

13. RapidFlight's June 28, 2023 letter to Firestorm was sent by RapidFlight's attorney, Michael D. Pegues from the law firm Polsinelli LLP.

14. RapidFlight's June 28, 2023 letter alleged that, "Firestorm is promoting an additively manufactured airframe structure that satisfies all of the limitations of Claim 12 of the '490 Patent."

15. RapidFlight's June 28, 2023 letter included a list of excessive demands, including that Firestorm:

(i) Immediately stop marketing, manufacturing, selling, offering for sale or importing products that infringe RapidFlight's patent rights;

(ii) disclose all information about its purchases and sales of the infringing products, including its source for (and other sellers of) these products;

(iii) destroy any inventory of the infringing products (and provide documentation of such destruction by an independent and reliable entity); and

(iv) pay RapidFlight a reasonable royalty rate for sales of infringing products and reimbursement of RapidFlight's legal fees in connection with this matter.

16. RapidFlight's June 28, 2023 letter demanded that Firestorm acquiesce to RapidFlight's extreme and unjustified demands within just two weeks.

17. On July 12, 2023, Firestorm's counsel responded to RapidFlight's June 28, 2023 letter, explaining that Firestorm takes intellectual property seriously, and that patent infringement claims are complex and take time to investigate and analyze.

18. In Firestorm's July 12, 2023 letter, Firestorm explained its hope that "Firestorm and RapidFlight can find an amicable resolution."

19. On August 11, 2023, Firestorm's counsel sent RapidFlight's counsel another letter.

20. In Firestorm's August 11, 2023 letter, Firestorm explained that RapidFlight's infringement allegations are not correct.

21. Specifically, RapidFlight's infringement allegations misidentify a simple connector component on a Firestorm product as a "reinforcement element."

22. Without the "reinforcement element" in Claim 12, of the '490 Patent, a product cannot infringe that claim.

23. Firestorm included three-dimensional models of relevant portions of Firestorm's products to allow RapidFlight's counsel to easily identify how its infringement allegation is incorrect, and that Firestorm's products do not infringe the '490 Patent.

24. RapidFlight's counsel responded on August 31, 2023.

25. In its August 31, 2023 letter, RapidFlight's counsel told Firestorm that it "appreciate[d] the rendering of the Firestorm product included in [Firestorm's] letter…"

26. RapidFlight's counsel claimed there was "some ambiguity as to the nature of the coupling" and requested that Firestorm allow RapidFlight's attorneys to inspect Firestorm's highly confidential and sensitive "technical manuals or other product design documents."

27. Firestorm's counsel responded to RapidFlight's letter on October 3, 2023.

28. Firestorm explained that "Firestorm provided RapidFlight with sufficient information for RapidFlight to see for itself" that Firestorm's products do not infringe RapidFlight's patent.

29. Firestorm explained that "RapidFlight has chosen to engage in a fishing expedition to try and find some theory of infringement." Specifically, RapidFlight asked "Firestorm to entertain RapidFlight's fishing expedition and provide Firestorm's competitor with Firestorm's proprietary information."

30. Despite RapidFlight's unjustified threats and failure to acknowledge the glaring flaws in its infringement allegations, Firestorm remained willing to negotiate a business resolution with RapidFlight. Firestorm told this to RapidFlight in its October 3, 2023 letter.

31. RapidFlight's counsel responded to Firestorm's letter on November 6, 2023.

32. In its November 6, 2023 letter, RapidFlight's counsel told Firestorm that it had no present intention to file a lawsuit "based on an 'advertisement,'" but would continue to "investigate Firestorm's product line" and reserved the "right to enforce any and all patent rights as further developments warrant."

33. RapidFlight never sent Firestorm another letter.

34. Unbeknownst to Firestorm, RapidFlight's threats and unsupported allegations have continued, but directed towards Firestorm's potential customers.

35. Specifically, RapidFlight has approached decisionmakers for government contracts being pursued by both Firestorm and RapidFlight to accuse Firestorm of infringement and claim that a lawsuit is imminent.

36. RapidFlight is using these false accusations to gain an unfair advantage in obtaining competitive government contracts.

37. RapidFlight's incorrect accusations of patent infringement and interference with Firestorm's business leave Firestorm no choice but to bring this suit to clear the cloud of litigation from its business and its customers.

38. Because of RapidFlight's repeated unsupported litigation threats, Firestorm has no viable alternative but to bring this declaratory judgment action.

39. Given RapidFlight's unambiguous statements to Firestorm and its potential customers that Firestorm is infringing RapidFlight's patents, including the Patents-in-Suit, RapidFlight's repeated threats of litigation, Firestorm has a reasonable apprehension that RapidFlight will commence litigation against Firestorm.

40. RapidFlight's allegations have created a real and immediate controversy between Firestorm and RapidFlight regarding whether Firestorm's products infringe any claim(s) of the Patents-in-Suit. RapidFlight's threatening statements and conduct show it is highly likely that it will assert infringement of the Patents-in-Suit against Firestorm.

41. The facts and allegations recited show there is a real, immediate, and justiciable controversy. A judicial declaration is necessary to determine the respective rights of the parties regarding the Patents-in-Suit and whether Firestorm's products infringe the Patents-in-Suit. Firestorm seeks a judicial declaration that it does not infringe the Patents-in-Suit.

## THE PARTIES

42. Plaintiff Firestorm Labs, Inc. is a corporation organized and existing under the laws of Delaware with a principal place of business at 5269 Copley Drive, San Diego, CA 92111.

43. Upon information and belief, Defendant RapidFlight Holdings LLC is a limited liability company organized and existing under the laws of Delaware with a principal place of business at 9617 Center St., Manassas, VA 20110.

**JURISDICTION AND VENUE**

44. This is an action for a declaration under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, that neither Firestorm nor its products infringe any claim of the Patents-in-Suit under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

45. This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331 and 1338(a) because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States. *See* 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. An actual controversy exists within the Court's jurisdiction because RapidFlight contends that Firestorm's products infringe the Patents-in-Suit.

46. This Court has personal jurisdiction over RapidFlight because RapidFlight has purposefully directed its enforcement activities to this District. RapidFlight sent numerous written communications to Firestorm in this District. RapidFlight has negotiated with Firestorm in this District and has communicated threats of litigation to Firestorm employees living and working in this District. These communications have occurred over a period of over a year.

47. Accordingly, this Court has personal jurisdiction over RapidFlight because the causes of action alleged herein arise from RapidFlight's actions directed into this District, including RapidFlight's demands in connection with the Patents-in-Suit and its repeated threats of litigation to Firestorm.

48. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this District. Specifically, RapidFlight purposefully directed enforcement activities, including written and verbal communications and threats of litigation, to this District and to residents of this District.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment that Firestorm Does Not Infringe the '490 Patent)**

49. Firestorm repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

50. Firestorm has alleged and continues to allege that Firestorm infringes the '490 Patent, which relates to an "[a]dditive manufactured airframe structure having a plurality of

additive manufactured airframe segments operable to be linked together in an assembled direction." '490 Patent at Abstract. A true and correct copy of the '490 Patent is attached hereto as Exhibit A.

51. Firestorm believes RapidFlight's infringement allegation relates to Firestorm's Tempest UAS design.

52. Firestorm does not infringe any claim of the '490 Patent.

53. Firestorm and its products have not and do not directly or indirectly infringe any claim of the '490 Patent.

54. Firestorm and its products have not and do not infringe any claim of the '490 Patent literally or under the doctrine of equivalents.

55. Declaratory relief is necessary and appropriate so that Firestorm may ascertain its rights regarding the '490 Patent.

56. In view of the facts and allegations set forth above, there is an actual, justifiable, substantial, and immediate controversy between Firestorm and RapidFlight on whether Firestorm infringes any claim of the '490 Patent.

57. For the reasons set forth above, Firestorm respectfully requests that this Court declare that Netskope does not directly or indirectly infringe, nor has it directly or indirectly infringed, any claim of the '490 Patent, either literally or under the doctrine of equivalents.

### SECOND CLAIM FOR RELIEF

### (Declaratory Judgment that Firestorm Does Not Infringe the '323 Patent)

58. Firestorm repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

59. Firestorm has alleged and continues to allege that Firestorm infringes the '323 Patent, which relates to an "[a]dditive manufactured airframe structure having a plurality of additive manufactured airframe segments operable to be linked together in an assembled direction." '323 Patent at Abstract. A true and correct copy of the '323 Patent is attached hereto as Exhibit B.

60. Firestorm believes RapidFlight's infringement allegation relates to Firestorm's Tempest UAS design.

61. Firestorm does not infringe any claim of the '323 Patent.

62. Firestorm and its products have not and do not directly or indirectly infringe any claim of the '323 Patent.

63. Firestorm and its products have not and do not infringe any claim of the '323 Patent literally or under the doctrine of equivalents.

64. Declaratory relief is necessary and appropriate so that Firestorm may ascertain its rights regarding the '323 Patent.

65. In view of the facts and allegations set forth above, there is an actual, justifiable, substantial, and immediate controversy between Firestorm and RapidFlight on whether Firestorm infringes any claim of the '323 Patent.

66. For the reasons set forth above, Firestorm respectfully requests that this Court declare that Netskope does not directly or indirectly infringe, nor has it directly or indirectly infringed, any claim of the '323 Patent, either literally or under the doctrine of equivalents.

## **PRAYER FOR RELIEF**

Firestorm respectfully requests the following relief:

A. That the Court enter a judgment declaring that Firestorm has not infringed and does not infringe any claim of the '490 Patent;

B. That the Court enter a judgment declaring that Firestorm has not infringed and does not infringe any claim of the '323 Patent;

C. That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award Firestorm its attorneys' fees, costs, and expenses incurred in this action;

D. That the Court award Firestorm any and all other relief to which Firestorm may show itself to be entitled; and

E. That the Court award Firestorm any other relief as the Court may deem just, equitable, and proper.

## **JURY TRIAL DEMAND**

-8-
COMPLAINT FOR DECLARATORY JUDGMENT OF NO INFRINGEMENT
170372718.4

Firestorm hereby demands a trial by jury of all issues so triable.

Dated: December 18, 2024

**PERKINS COIE LLP**

By: */s/ Thomas N. Millikan*
Thomas N. Millikan, Bar No. 234430
Eric Maas, Bar No. 345450

*Attorneys for Plaintiff
Firestorm Labs, Inc.*